NO. 07-10-0311-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 21, 2010

_____

VERNON LEE MCBETH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,343-E; HONORABLE DOUGLAS WOODBURN, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Pursuant to a plea bargain in 2009, Appellant, Vernon Lee McBeth, was granted deferred adjudication for the offense of theft, enhanced, and placed on community supervision for five years and assessed a $250 fine. The following year, the State moved to proceed with an adjudication of guilt alleging that Appellant violated three of the terms and conditions of his community supervision.

At the hearing on the State's motion to proceed, Appellant entered a plea of true to the allegations in the motion. The trial court heard testimony then adjudicated Appellant guilty of the original offense and sentenced him to eighteen years confinement and assessed a $500 fine. Appellant perfected this appeal.

The clerk's record was filed on September 13, 2010, and it contains the *Trial Court's Certification of Defendant's Right of Appeal.* The options on the form "is a plea-bargain case, and the defendant has No right of appeal" and "the defendant has waived the right of appeal" appear to have been marked and then crossed out. No other options are checked. Thus, the certification is defective. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex.Crim.App. 2005). *See also* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2009) (amended in 2007 to permit an appeal from an adjudication of guilt in the same manner as a revocation hearing);[1] *Hargesheimer v. State*, 182 S.W.3d 906, 911-12 (Tex.Crim.App. 2006).

Consequently, we abate this appeal and remand this cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure a proper *Trial Court's Certification of Defendant's Right of Appeal* in compliance with Rule 25.2(d) in each cause referenced herein. Once properly completed and executed, the certification shall be included in supplemental clerk's record. *See* Tex. R. App. P. 34.5(c)(2). The trial court shall cause the supplemental clerk's record to be filed with the Clerk of this Court by November 5, 2010. This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate

---

[1]*See* Act of May 28, 2007, 80th Leg., R.S., ch. 1308 § 5(b), 2007 Tex. Gen. Laws 4395, 4397.

Procedure, of the defective certification. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this cause will be referred to the Court for dismissal. *See* Tex. R. App. P. 25.2(d).

In abating this appeal we note that the Clerk's Record reflects a judgment signed July 16, 2010. The summary portion of the judgment reflects "Court Costs: see attached" and the following page contained in the record is a certified bill of costs, dated July 19, 2010, containing a reference to attorney's fees for Appellant's court-appointed attorney totaling $2,000.00.[2] The judgment further orders Appellant to pay all court costs "as indicated above." A review of the Reporter's Record does not reveal any evidence pertaining to Appellant's ability to reimburse attorney's fees, nor does it contain a finding by the Court in accordance with Article 26.05(g) of the Texas Code of Criminal Procedure.

A judgment ordering the reimbursement of court-appointed attorney's fees without sufficient evidence of a defendant's ability to pay can constitute error cognizable on appeal. *See Mayer v. State,* 309 S.W.3d 552 (Tex.Crim.App. 2010). Accordingly, we further direct the trial court to either execute a corrected judgment or provide this Court with a transcript of the proceeding wherein the Court has determined that Appellant has financial resources that enable him to offset in part or in whole the costs of legal services provided. The trial court shall cause either a supplemental clerk's record containing the corrected judgment or a reporter's record of the requested proceedings to be filed with the Clerk of this Court by November 5, 2010.

---

[2]Although we are unable to explain how the trial judge signed a judgment on July 16, 2010, which contained an attachment that was not created until July 19, 2010, the Clerk's Record does represent the *Bill of* Costs as being the attachment referred to in the judgment of the court.

3

It is so ordered.

Per Curiam

Do not publish.